1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

11  MARVIN JOHNSON,                      ) 1:12-cv—01210-SKO-HC
                                        )
12                  Petitioner,         ) ORDER TO PETITIONER TO SHOW CAUSE
                                        ) IN THIRTY (30) DAYS WHY THE
13                                      ) PETITION SHOULD NOT BE DISMISSED
         v.                             ) FOR PETITIONER'S FAILURE TO
14                                      ) EXHAUST STATE COURT REMEDIES
    KATHLEEN ALLISON,                   ) (Doc. 1)
15                                      )
                    Respondent.         )
16                                      )
                                        )
17  _____ )

18       Petitioner is a state prisoner proceeding pro se with a

19  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

20  The matter has been referred to the Magistrate Judge pursuant to

21  28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before

22  the Court is Petitioner's petition, which was filed in this Court

23  on July 25, 2012.

24       I.  Screening the Petition

25       Rule 4 of the Rules Governing § 2254 Cases in the United

26  States District Courts (Habeas Rules) requires the Court to make

27  a preliminary review of each petition for writ of habeas corpus.

28  The Court must summarily dismiss a petition "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.   Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Petitioner is an inmate of the California Substance Abuse and Treatment Facility (CSATF) located at Corcoran, California, serving a nineteen-year sentence for convictions sustained in 2010 in the Kern County Superior Court.  Petitioner raises the following claims in the petition:  1) Petitioner's counsel in his direct appeal rendered ineffective assistance of counsel, in violation of Petitioner's Sixth Amendment right to counsel, by failing to raise the ineffective assistance of trial counsel; 2)

2

1  Petitioner's right to due process of law under the Fourteenth
2  Amendment was violated because the evidence was insufficient to
3  support a conviction of violating Cal. Pen. Code § 186.22(a); and
4  3) Petitioner's right to due process of law under the Fourteenth
5  Amendment was violated because the evidence was insufficient to
6  support a conviction of violating Cal. Pen. Code § 186.22(b).
7  (Pet., doc. 1, 4.)

8          II.   Exhaustion of State Court Remedies

9          A petitioner who is in state custody and wishes to challenge
10 collaterally a conviction by a petition for writ of habeas corpus
11 must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
12 The exhaustion doctrine is based on comity to the state court and
13 gives the state court the initial opportunity to correct the
14 state's alleged constitutional deprivations.  Coleman v.
15 Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
16 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.
17 1988).

18         A petitioner can satisfy the exhaustion requirement by
19 providing the highest state court with the necessary jurisdiction
20 a full and fair opportunity to consider each claim before
21 presenting it to the federal court, and demonstrating that no
22 state remedy remains available.  Picard v. Connor, 404 U.S. 270,
23 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
24 1996).  A federal court will find that the highest state court
25 was given a full and fair opportunity to hear a claim if the
26 petitioner has presented the highest state court with the claim's
27 factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365
28 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

(1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>Williams v. Taylor</u>,

529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the

state court that he was raising a federal constitutional claim.

<u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669

(9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala</u>

<u>v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>,

133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United

States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971),
> we said that exhaustion of state remedies requires that
> petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the
> "'opportunity to pass upon and correct' alleged
> violations of the prisoners' federal rights" (some
> internal quotation marks omitted). If state courts are
> to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be
> alerted to the fact that the prisoners are asserting
> claims under the United States Constitution. If a
> habeas petitioner wishes to claim that an evidentiary
> ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment,
> he must say so, not only in federal court, but in state
> court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

further in <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir.

2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th

Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly
> presented" (and thus exhausted) his federal claims
> in state court unless he specifically indicated to
> that court that those claims were based on federal law.
> <u>See</u>, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir.
> 2000). Since the Supreme Court's decision in <u>Duncan</u>,
> this court has held that the petitioner must make the
> federal basis of the claim explicit either by citing
> federal law or the decisions of federal courts, even
> if the federal basis is "self-evident," <u>Gatlin v. Madding</u>,
> 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v.</u>
> <u>Harless</u>, 459 U.S. 4, 7... (1982)), or the underlying

4

claim would be decided under state law on the same
considerations that would control resolution of the claim
on federal grounds, see, e.g., Hiivala v. Wood, 195
F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
at 865.
. . .
In Johnson, we explained that the petitioner must alert
the state court to the fact that the relevant claim is a
federal one without regard to how similar the state and
federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

2001).

Where none of a petitioner's claims has been presented to

the highest state court as required by the exhaustion doctrine,

the Court must dismiss the petition.  Raspberry v. Garcia, 448

F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,

481 (9th Cir. 2001).  The authority of a court to hold a mixed

petition in abeyance pending exhaustion of the unexhausted claims

has not been extended to petitions that contain no exhausted

claims.  Raspberry, 448 F.3d at 1154.

Petitioner states that he raised the insufficiency of the

evidence in his direct appeal and that both the intermediate

state court of appeal and the state's highest court affirmed his

conviction.  (Pet. 2.)  However, he affirmatively alleges that he

raised the claim concerning appellate counsel's allegedly

ineffective assistance in the California Supreme Court by way of

a petition for writ of habeas corpus, and further that the

petition is presently pending.  (Id. at 2-3.)  Reference to the

official website of the California courts reflects that a habeas

petition was filed on July 5, 2012, in the California Supreme

1   Court, in <u>In re Johnson on Habeas Corpus</u>, case number S203822,

2   and that the case remains pending.[1]

3   Therefore, upon review of the instant petition for writ of

4   habeas corpus, it appears that Petitioner has not presented his

5   numerous claims to the California Supreme Court and received a

6   decision from that court.  If Petitioner has not presented all of

7   his claims to the California Supreme Court, the Court cannot

8   proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

9   It is possible, however, that Petitioner has otherwise presented

10  his claims to the California Supreme Court and simply neglected

11  to inform this Court.

12  Petitioner must inform the Court if his claims have been

13  presented to the California Supreme Court, and if possible,

14  provide the Court with a copy of the petition filed in the

15  California Supreme Court, along with a copy of any ruling made by

16  the California Supreme Court.  If Petitioner has exhausted only

17  some of his claims, the petition must be dismissed as a mixed

18  petition.  Without knowing what claims have been presented to the

19  California Supreme Court, the Court is unable to proceed to the

20  merits of the petition.

21  III. <u>Order to Show Cause</u>

22  Accordingly, Petitioner is ORDERED to show cause why the

23

24  [1] The Court may take judicial notice of facts that are capable of

25  accurate and ready determination by resort to sources whose accuracy cannot
    reasonably be questioned, including undisputed information posted on official
    web sites.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331,

26  333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d
    992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the

27  docket sheet of a California court.  <u>White v Martel</u>, 601 F.3d 882, 885 (9th
    Cir. 2010), <u>cert.</u> <u>denied</u>, 131 S.Ct. 332 (2010).  The address of the official

28  website of the California state courts is www.courts.ca.gov.

petition should not be dismissed for Petitioner's failure to exhaust state remedies as to all the claims in his petition. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:    July 26, 2012**                        **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE