UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN JOHNSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　Respondent. | 1:12-cv—01210-SKO-HC<br><br>ORDER DISMISSING AS MOOT RESPONDENT'S MOTION TO FILE A FIRST AMENDED ANSWER (Doc. 15)<br><br>ORDER MODIFYING BRIEFING SCHEDULE AFTER THE FILING OF A FIRST AMENDED ANSWER (Docs. 8, 16)<br><br>**DEADLINE FOR THE FILING OF PETITIONER'S TRAVERSE: THIRTY (30) DAYS AFTER SERVICE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on August 2, 2012, and on behalf of Respondent on December 4, 2012.

I. <u>Background</u>

Pending before the Court is Petitioner's petition, which was filed in this Court on July 25, 2012. On January 17, 2013, Respondent filed its answer. On January 24, 2013, Respondent filed a motion (doc. 15) to file a first amended answer (FAA,

1

doc. 16).

Because Respondent sought to amend its pleading within twenty-one days after serving it, Respondent did not need the consent of the Court or of any party in order to file the FAA, but rather could file it as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A).

Further, Respondent expressed willingness to permit Petitioner to file a traverse to the FAA within thirty days of the filing of the FAA. (Doc. 15, 2.)

II. <u>Order Dismissing as Moot the Motion to File a First Amended Answer</u>

Because leave of Court to file a first amended answer was not required, Respondent's motion to filed a first amended answer, erroneously docketed as a motion to amend the petition for writ of habeas corpus, is DISMISSED as moot.

III. <u>Order Amending the Briefing Schedule</u>

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

Accordingly, Petitioner may FILE a traverse to the first amended answer no later than thirty (30) days after the date of service of this order.

IT IS SO ORDERED.

**Dated:   January 28, 2013             /s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE

2