**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVIN JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Respondent. | Case No. 1:12-cv-01210-SKO-HC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTIONS TO AMEND AND SUPPLEMENT THE TRAVERSE (DOCS. 20, 22)<br><br>ORDER DECLINING TO CONSIDER ANY NEW CLAIMS SET FORTH IN THE TRAVERSE (DOC. 19)<br><br>ORDER GRANTING RESPONDENT THIRTY (30) DAYS TO FILE A REPLY TO PETITIONER'S SUPPLEMENTED TRAVERSE<br><br>ORDER DEFERRING CONSIDERATION OF PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING UNTIL THE COURT CONSIDERS THE MERITS OF THE PETITION (DOC. 26) |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on

1

August 2, 2012, and on behalf of Respondent on December 4, 2012. Pending before the Court are Petitioner's motions, filed on July 15, 2013, and September 11, 2013, to amend the traverse that he previously filed on February 19, 2013.  Petitioner also requests an evidentiary hearing.

### I. Amendment of the Traverse

Petitioner seeks to supplement his traverse, which raised new claims.  Respondent argues that the amendments that Petitioner seeks would be futile because the claims are barred by the statute of limitations.

#### A. Legal Standards

A petition for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions to the extent that the civil rules are not inconsistent with any statutory provisions or the rules governing section 2254 cases.  28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  Fed. R. Civ. P. 15(a) may be used to permit the petitioner to amend the petition. Withrow v. Williams, 507 U.S. 680, 696 n.7 (1993).  Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of the pleading, a required responsive pleading, or a motion under Rule 12(b), (e), or (f), whichever is earlier; in all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave.  Further, the Court should freely give leave when justice so requires.

Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to

the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Amendment may be disallowed if the amendment would be futile, such as where the amended matter is duplicative or patently frivolous, or where the pleading presents no new facts but only new theories and provides no satisfactory explanation for failure to fully develop the contentions originally. Ibid.

An amendment to a pleading relates back to the date of the original pleading when 1) the law that provides the applicable statute of limitations allows relation back, 2) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading, or 3) the amendment changes the party or naming of a party under specified circumstances. Fed. R. Civ. P. 15(c)(1). In a habeas corpus case, the "original pleading" referred to in Rule 15 is the petition. Mayle v. Felix, 545 U.S. at 655. A habeas petition differs from a complaint in an ordinary civil case, however. In ordinary civil cases, notice pleading is sufficient; however, Habeas Rule 2(c) requires that a habeas petition not simply meet the general standard of notice pleading, but rather specify all the grounds for relief available to the petitioner and state the facts supporting each ground. Mayle v. Felix, 545 U.S. at 655.

Relation back is appropriate in habeas cases where the original and amended petitions state claims that are tied to a common core of operative facts. Mayle, 545 U.S. at 664. The claims added by amendment must arise from the same core facts as the timely filed claims and must depend upon events not separate in "both time and

type" from the originally raised episodes. <u>Mayle</u>, 545 U.S. at 657. Thus, the terms "conduct, transaction, or occurrence" in Fed. R. Civ. P. 15(c)(1)(B) are not interpreted so broadly that it is sufficient that a claim first asserted in an amended petition simply stems from the same trial, conviction, or sentence that was the subject of a claim in an original petition. <u>Mayle v. Felix</u>, 545 U.S. 656-57. In <u>Mayle</u>, the Court concluded that the petitioner's pretrial statements, which were the subject of an amended petition, were separated in time and type from a witness's videotaped statements, which occurred at a different time and place and were the basis of a claim in the original petition. Thus, relation back was not appropriate. <u>Mayle</u>, 545 U.S. at 657, 659-60.

### B. <u>Analysis</u>

In the petition, Petitioner raised the following claims: 1) Petitioner's right to the effective assistance of counsel was violated by appellate counsel's failure to raise trial counsel's failure to bring a motion to suppress evidence of drug possession, obtain an evidentiary hearing, and adequately challenge an allegedly false factual basis for the search as well as the entry and search of petitioner's motel room; 2) the evidence was insufficient to support a finding that Petitioner violated sections 186.22(a) and 186.22(b) of the California Penal Code, and thus Petitioner suffered a violation of due process of law. (Pet., doc. 1, 4-19.)

In his traverse filed on February 19, 2013, Petitioner raised claims not raised in the petition: 1) trial counsel was ineffective for failing to advise him of the repercussions of refusing to testify at his suppression hearing; 2) trial counsel was ineffective for failing to call a gang expert at trial; 3) trial counsel was

4

1 ineffective for failing to interview the manager or staff at the
2 hotel where he was apprehended and by failing to take pictures of
3 the hotel room window; and 4) Petitioner's right to discharge or
4 substitute court appointed counsel was violated. (Doc. 19, 7-9.)
5       In the motions to amend his traverse and the motion for an
6 evidentiary hearing, Petitioner addresses or submits exhibits that
7 relate to the following claims:  1) trial counsel's failure to
8 investigate before trial (doc. 20, 1, 12); 2) trial counsel's
9 failure to confer and communicate adequately with Petitioner (id. at
10 12); 3) trial counsel's failure to subpoena and present necessary
11 witnesses and failure to present an adequate defense (id. at 13);
12 4) trial counsel's rendering substandard assistance with respect to
13 motions (id.); 5) trial counsel's failure to declare a conflict with
14 Petitioner (id.); 6) trial counsel's closing argument, the testimony
15 supporting the gang participation, and trial counsel's knowledge
16 regarding the illegality of the search and seizure (doc. 22); and
17 7) trial counsel's ineffectiveness with respect to the motion to
18 suppress evidence (doc. 26, 2).  The exhibits may be at best only
19 tangentially pertinent to the claims actually raised in the
20 petition.
21       It is improper to raise substantively new issues or claims in a
22 traverse, and a court may decline to consider such matters.
23 Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert.
24 den., 514 U.S. 1026 (1995).  To raise new issues, a petitioner must
25 obtain leave to file an amended petition or additional statement of
26 grounds. (Id.)  Petitioner has not sought to amend his petition to
27 raise new claims.  Further, in his reply to Respondent's opposition
28 to the motions, Petitioner states that he does not intend to raise

5

new claims; rather, just to submit exhibits that support his original claims. (Doc. 29, 1.)

The Court thus declines to consider Petitioner's traverse as raising any new claims, and to the extent that it might be read to do so, the Court exercises its discretion to DECLINE to consider any new claims. The only claims before the Court are the claims set forth in the original petition.

The additional exhibits set forth in the motions are in large part only indirectly pertinent to the claims that were raised in the petition. However, the Court has not yet considered the merits of the petition. At this point in the Court's review, Petitioner's additional exhibits may be considered in relation to the claims raised in the petition provided they were in the record before the California Supreme Court when that court considered Petitioner's claims. Any materials not presented to the California Supreme Court may not be added to the record at this point in the proceedings.

Based on the foregoing, Petitioner's motions to supplement the traverse are GRANTED in part and DENIED in part.

II.  Time for Respondent to Reply

Respondent is GRANTED thirty (30) days in which to file a reply to the supplemented traverse.

III.  Motion for an Evidentiary Hearing

In view of the nature of Petitioner's claims, consideration and determination of Petitioner's motion for an evidentiary hearing is DEFERRED until the Court considers the merits of the petition.

IT IS SO ORDERED.

Dated: **January 21, 2014**           /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

6