# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN JOHNSON,<br><br>  Petitioner,<br><br>  v.<br><br>RALPH M. DIAZ, Warden, California Substance Abuse Treatment Facility,<br><br>  Respondent. | Case No. 1:12-cv-01210-SKO  HC<br><br>ORDER APPENDING LETTERS OF APPELLATE COUNSEL TO TRAVERSE<br><br><br>(Doc. 33) |

Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] moves to append to his traverse two letters from his appellate counsel concerning the limits of her representation of Petitioner on direct appeal and his need to raise his claim of ineffective assistance of counsel in a habeas petition separate from his direct appeal.  Respondent has not filed an opposition to the motion.

Pursuant to F.R.Civ.P. 15(a), a party may amend a pleading once as a matter of course within 21 days after service of the pleading, a required responsive pleading, or a motion under F.R.Civ.P. 12(b), (e), or (f), whichever is earlier; in all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave.  28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the U.S. District Courts.  In ruling on a motion to amend a petition

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

for writ of habeas corpus, a court must consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether or not the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  A court may disallow a proposed amendment that would be futile, such as (1) one in which the amended matter is duplicative or patently frivolous, (2) presents no new facts but only new theories, or (3) provides no satisfactory explanation for failure to develop the original contentions fully.  *Id.*

The documentation that Petition seeks to append to his traverse has little substantive value other than documenting appellate counsel's explanation of her reasons for failing to raise the issue of trial counsel's failure to introduce evidence at the motion to suppress and offer to assist Petitioner in preparing a separate habeas corpus petition to pursue the issue.  In addition, Petitioner has delayed over two years after filing his original traverse before seeking to append the letters.

Respondent's having filed no objection to the motion, however, the Court hereby ORDERS that the two letters of Petitioner's appellate counsel, submitted by Petitioner as part of Doc. 33, shall be appended to Petitioner's first amended traverse.  No further amendment shall be permitted.

IT IS SO ORDERED.

Dated:   **August 4, 2015**                              **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE