UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN JOHNSON,<br><br>        Petitioner,<br><br>    v.<br><br>RALPH M. DIAZ,<br><br>        Respondent. | No. 1:12-cv-01210-SKO HC<br><br>**ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION**<br><br>**(Docs. 45 & 46)** |

        Petitioner moves for reconsideration of the Court's August 26, 2015, order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In document 45, Petitioner resubmits the opening brief from his direct appeal to the California Court of Appeal. In document 46, Petitioner argues that the evidence in the state court record, specifically the expert testimony of police officer Ryan Kroeker, was insufficient to convict Petitioner.

        To succeed in a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). "A party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water District*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). A motion for reconsideration is not a

vehicle by which a party may rehash arguments and facts that the court has already considered in making the original ruling. *Rodriguez v. SGLC Inc.*, 2013 WL 6844549 at *3 (E.D. Cal. December 24, 2013) (No. 2:08-cv-01971-MCE-KJN). Courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D.Cal. 1996).

The motion before the Court does not meet the criteria for reconsideration. Petitioner presents no newly discovered evidence, no documentation of clear error, nor evidence of change of any intervening law. Instead, he simply urges the Court to reconsider evidence and portions of the record that it has already fully considered in the course of its review of Petitioner's habeas petition.

Disagreement with a Court ruling is not grounds for reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Harvest v. Castro*, 531 F.3d 737, 748-49 (9th Cir. 2008). Reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "[T]here would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate on chances from changes of its members." *Roberts v. Cooper*, 61 U.S. 467, 481 (1857).

Based on the foregoing, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **September 10, 2015**                    **/s/ Sheila K. Oberto**
                                                                           UNITED STATES MAGISTRATE JUDGE